# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| HISCOX INSURANCE COMPANY INC., <br><br> *Plaintiff(s)* <br><br> v. <br><br> THE STEELSTONE GROUP LLC, D/B/A GOURMIA, <br> Defendant, <br><br> CANDIS ROGAN and ANITA JOHNSON, <br> Nominal Defendants <br> *Defendant(s)* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

        The Steelstone Group LLC, d/b/a Gourmia
        3611 14th Avenue - Suite 540
        Brooklyn, New York 11218

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        Kennedys CMK LLP
        Laura B. Dowgin, Esq.
        570 Lexington Avenue –   8th Floor
        New York, New York 10022
        File # USH128.1173285
        T: (845) 422-9850

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                        BRENNA B. MAHONEY
                                                        *CLERK OF COURT*

Date: 02/26/2024

                                                        *Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HISCOX INSURANCE COMPANY INC.,

                    Plaintiff,                    **Index No:**

    -against-

                                                  **COMPLAINT**

THE STEELSTONE GROUP LLC, D/B/A GOURMIA,

                    Defendant,

CANDIS ROGAN and ANITA JOHNSON,

                    Nominal Defendants.
-------------------------------------------------------------------X

Plaintiff Hiscox Insurance Company Inc. ("Hiscox"), by and through its undersigned counsel, Kennedys CMK LLP, and in support thereof, states and alleges as follows:

1. This is a declaratory judgment action, brought pursuant to 28 U.S.C. §2201, in which Hiscox seeks a judgment that three insurance policies Hiscox issued to The Steelstone Group LLC DBA Gourmia ("Steelstone") are rescinded and *void ab initio* due to material misrepresentations Steelstone made to Hiscox in its policy application submitted March 25, 2021.

2. Hiscox issued three general liability insurance policies to Steelstone as follows: (1) UDC-4783011-CGL-21, for the policy period of March 25, 2021 to March 25, 2022 (the "2021-2022 Hiscox Policy"); (2) P100.173.486.2, for the policy period of March 25, 2022 to March 25, 2023; and (3) P100.173.486.3, for the policy period of March 25, 2023 to March 25, 2024 (collectively, the "Hiscox Policies").

3. In its application for insurance, Steelstone made several materially false representations to Hiscox, which Hiscox relied upon in issuing the Hiscox Policies. Steelstone stated that it was an appliance/electronic store, that its estimated gross sales for the next 12 months

were $1,500,000, and that it was not aware of any prior claims made against it in the previous 5 years.

4. In fact, Steelstone is a manufacturer/distributor of small kitchen appliances, including certain pressure cookers which were the subject of numerous claims. Steelstone's estimated gross sales far exceeded the $1,500,000 reported on the application. Further, Steelstone had multiple open claims with its prior insurance carrier when it applied for coverage with Hiscox. Hiscox would not have issued the Hiscox Policies had Steelstone given the correct information on the application, as such facts would have placed Steelstone out of Hiscox's risk appetite.

5. Hiscox is currently providing a defense to Steelstone under the 2021-2022 Policy, pursuant to a reservation of rights, with respect to certain bodily injury actions filed against it by certain non-resident individuals, Anita Johnson ("Johnson"), Candace Waxmunski ("Waxmunski"), Candis Rogan ("Rogan"), and Holly Roberts ("Roberts") (together, "Claimants"), in New York and Virginia state courts (the "Underlying Actions").

6. By way of this lawsuit, Hiscox further seeks a declaration that because the Hiscox Policies are rescinded and *void ab initio*, Hiscox does not owe any duty to defend or indemnify Steelstone (or any other purported insured or additional insured) with respect to any of the Underlying Actions and may withdraw from the defense in each.

7. Hiscox also seeks a declaration that that because the Hiscox Policies are rescinded and *void ab initio*, Hiscox does not owe any duty to defend or indemnify Steelstone (or any other purported insured or additional insured) with respect to any future claim, occurrence, or suit that may be filed.

## PARTIES

8. Plaintiff Hiscox is an Illinois corporation with its domicile and principal place of business in Chicago, Illinois.

9. Defendant Steelstone is a New York limited liability company duly organized and existing under the laws of the State of New York, with its principal place of business in Brooklyn, New York.

10. Upon information and belief, the sole member of Steelstone is Naphtali Biegeleisen, a citizen of New York residing in Kings County.

11. Nominal Defendant Johnson is an individual citizen of the state of Utah who has availed herself of New York jurisdiction by filing suit against Steelstone in New York.

12. Nominal Defendant Rogan is an individual citizen of the state of Oklahoma who has availed herself of New York jurisdiction by filing suit against Steelstone in New York.

13. Johnson and Rogan are joined to this action solely as the interested parties over whom this Court has personal jurisdiction so that complete declaratory relief may be afforded to all parties who may potentially be affected.

## JURISDICTION AND VENUE

14. An actual justiciable controversy exists among the parties as to the scope and nature of the obligations of Plaintiff to Defendants under three insurance policies that Hiscox issued to Steelstone.

15. This Court has subject matter jurisdiction over this civil lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs. Specifically, the Claimants are seeking

damages in excess of $1 million for bodily injuries allegedly suffered after using a pressure cooker manufactured and/or sold by Steelstone.

16. Venue is proper under 28 U.S.C. § 1391 because Steelstone has its principal place of business within this District and the insurance policies at issue herein were issued and delivered within this District.

## FACTUAL BACKGROUND

### *The Application*

17. On March 25, 2021, Steelstone applied for the 2021-2022 Hiscox Policy through the Hiscox Small Business Insurance online platform.

18. Steelstone applied for coverage to Hiscox directly, without any insurance agent or broker.

19. As part of the application process, Hiscox asked Steelstone: "What is your primary type of business?" to which Steelstone replied "Appliance/electronic stores."

20. At no time relevant to this matter did Steelstone operate any appliance or electronic store.

21. At no time relevant to this matter did Steelstone advise Hiscox that it was manufacturing/distributing consumer kitchen products to be sold through third-party retailers.

22. During its investigation of the Underlying Actions, Hiscox learned that Steelstone's response of "Appliance/electronic stores" to this question was false.

23. As part of the application process, Hiscox asked Steelstone "What are your business's estimated gross sales during the next 12 months?" to which Steelstone replied "$1,500,000."

24. During its investigation of the Underlying Actions, Hiscox learned that Steelstone's yearly sales far exceed $1,500,000.

25. During its investigation of the Underlying Actions, Hiscox learned that Steelstone's response of "$1,500,000" to this question was false.

26. As part of the application process, Steelstone affirmatively represented to Hiscox that during the last five years a third party had never made a claim against Steelstone, and that Steelstone did not know of any reason why someone may make a claim against it.

27. However, on the date of the application, Steelstone was aware that numerous claims had been made against it in the prior five years.

28. During its investigation of the Underlying Actions, Hiscox learned that Steelstone's affirmative representation regarding knowledge of prior claims was false.

29. Hiscox relied on the information Steelstone provided in the application process to properly quote and bind each of the Hiscox Policies.

30. The information Steelstone provided in the application process was materially false and misleading.

31. The Hiscox Policies automatically renewed each year, based on the information provided in the application process.

32. The application summary is included as part of each Hiscox Policy.

33. Each Hiscox Policy includes the following condition:

**Representations**

By accepting this policy, you agree:

a. The statements in the Declarations are accurate and complete;

b. The statements are based upon representations you made to us; and

5

      c.      We have issued this policy in reliance upon your representations.

34. Hiscox would not have issued any of the Hiscox Policies had Steelstone been truthful in the application process.

### *The Underlying Actions*

35. On August 10, 2023, Waxmunski filed a lawsuit styled *Candice Waxunski v. The Steelstone Group LLC d/b/a Gourmia*, in the Circuit Court for the City of Richmond, alleging that "on or about January 10, 2022, Plaintiff used the Gourmia Model # GPC655 [purportedly manufactured and sold by Steelstone] to prepare chicken tortilla soup and used the automatic 'Soup' setting to cook the meal. . . . [and] that when Plaintiff touched the lid of the Gourmia Model # GPC655, the Model # GPC655 exploded in a shower of hot soup, blowing the lid and other parts a considerable distance" resulting in severe burns, injuries, and other damages to the Plaintiff.

36. On October 31, 2023, Johnson filed a lawsuit styled *Anita Johnson v. The Steelstone Group LLC d/b/a Gourmia*, in the Supreme Court of the State of New York, County of Kings, alleging, in part "[t]his is a strict liability, negligence, and breach of warranty action due to the damages caused by latent safety defects present in the [Steelstone manufactured] Gourmia '8 Quart Digital SmartPot Multi-Function Pressure Cooker' Models "GPC855" ('PRESSURE COOKER')" and that on November 14, 2021 "The PRESSURE COOKER's lid blew off with such extreme force that the super-heated contents and steam sprayed across ANITA JOHNSON's arms and torso."

37. On November 14, 2023, Rogan filed a lawsuit styled *Candis Rogan v. The Steelstone Group LLC d/b/a Gourmia*, in the Supreme Court of the State of New York, County of Kings, alleging, "[t]his is a strict liability, negligence, and breach of warranty action due to the damages caused by latent safety defects present in the Gourmia '6 Quart Electric Digital

6

Multi-Function Pressure Cooker' Model 'GPC625' (PRESSURE COOKER)" and that on December 12, 2021, "CANDIS ROGAN was checking on the cooker to make sure the meal was still being cooked when the PRESSURE COOKER was making a popping sound when the PRESSURE COOKER suddenly and unexpectedly exploded. . . . The PRESSURE COOKER's lid blew off with such extreme force that the super-heated contents and steam sprayed across CANDIS ROGAN's face."

38. On December 27, 2023, Roberts filed a lawsuit styled *Holly Roberts v. The Steelstone Group LLC d/b/a Gourmia*, in the Circuit Court for the City of Richmond, alleging that "on or about January 10, 2022, Plaintiff was a guest at the home of Candice Waxmunski . . . [and that] Plaintiff was standing near the Gourmia Model # GPC655 when it exploded and was sprayed with hot soup resulting in severe burns, injuries and other damages."

39. Steelstone has sought insurance coverage from Hiscox under the 2021-2022 Hiscox Policy for each of the Underlying Actions.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATORY RELIEF (RESCISSION)

40. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

41. During the course of its investigation with respect to the Underlying Actions, Hiscox learned that Steelstone made material misrepresentations and false statements during its application for the Hiscox Policies.

42. When applying for the 2021-2022 Hiscox Policy, Steelstone materially misrepresented the existence and number of claims made against Steelstone in the prior five years.

43. When applying for the 2021-2022 Hiscox Policy, Steelstone materially misrepresented the Steelstone's estimated gross sales during the next 12 months.

44. When applying for the 2021-2022 Hiscox Policy, Steelstone materially misrepresented the nature of its business as "Appliance/electronic store."

45. As a result of Steelstone's misrepresentations, Hiscox was enticed to issue the 2021-2022 Hiscox Policy and to automatically renew the subsequent Hiscox Policies.

46. Hiscox would not have issued the same Hiscox Policies had Steelstone responded with the correct information during the application process.

47. Hiscox is entitled to rescind each of the Hiscox Policies based on Steelstone's material misrepresentations.

48. Hiscox will, upon adjudication by this Court of proper rescission, return the premium payments Steelstone made to it for each of the Hiscox Policies.

49. Hiscox is entitled to a declaration that Hiscox has no obligation to defend or indemnify Steelstone in connection with the Underlying Actions, and may properly withdraw from the defense in each.

50. Hiscox is entitled to a declaration that Hiscox has no future obligation to defend or indemnify Steelstone in connection with any other occurrence, claim, or suit that may arise under any of the Hiscox Policies.

51. Hiscox is entitled to a declaration that Hiscox has no future obligation to defend or indemnify any potential additional insured in connection with the Underlying Actions and/or any other occurrence, claim, or suit that may arise under any of the Hiscox Policies.

52. As a result of Steelstone's conduct, Hiscox has been injured and has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION FOR
## BREACH OF CONTRACT

53. Hiscox repeats, reiterates, and realleges each and every allegation of the preceding paragraphs as if set forth herein, verbatim and fully at length.

54. Hiscox is currently defending Steelstone in three of the Underlying Actions pursuant to reservation of rights.

55. Each of the Hiscox Policies includes a condition which states that, in accepting the policy, Steelstone acknowledges that Hiscox issued the policy in reliance on Steelstone's representations, and Steelstone warranted that such statements were accurate and complete.

56. Steelstone breached this condition by providing false and misleading information to Hiscox during the application process and accepting the Hiscox Policies.

57. As Steelstone materially breached the terms of the Hiscox Policies by making misrepresentations, Hiscox does not owe indemnity to Steelstone and/or to any purported additional insured for any occurrence, claim or suit that may arise under any of the Hiscox Policies, including but not limited to the Underlying Actions.

58. Hiscox is therefore entitled to damages for Steelstone's breach of contract, including but not limited to reimbursement of all defense costs it has incurred in defending Steelstone in the Underlying Actions until the date of rescission.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment:

A. Declaring that the Hiscox Policies are void *ab initio*;

B. Declaring that Hiscox is not required to provide a defense or indemnification in the Underlying Actions (or any subsequently tendered matter from Steelstone involving the Hiscox Policies) and may withdraw from its defense of Steelstone in the Underlying Actions;

C. Declaring that Hiscox is entitled to reimbursement of all defense costs incurred to date in defending the Underlying Actions;

9

D. Awarding damages to Hiscox as this Honorable Court deems just and equitable; and

E. Providing such other and further relief as this Honorable Court deems just and equitable.

Dated: New York, New York
February 26, 2024

**KENNEDYS CMK LLP**

_____
Laura B. Dowgin, Esq.
Attorneys for Plaintiff
*Hiscox Insurance Company, Inc.*
570 Lexington Avenue – 8th Floor
New York, New York 10022
File # USH128.1173285
T: (845) 422-9850
laura.dowgin@kennedyslaw.com